[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On January 26, 1994, defendant Iona Moss (Moss), entered into an automobile leasing agreement with defendant, Gold Key Lease, Inc. (Gold Key). On January 24, 1997, Moss' automobile collided with the plaintiff, Joanne Codella, while driving the leased vehicle. As a result of the accident, the plaintiff brought an action against Moss and Gold Key. Gold Key filed a cross claim against Moss. Count one of the cross claim sounds in contractual indemnification. Gold Key has moved for summary judgment (#111) with respect to count one. Gold Key contends that by virtue of an indemnification clause in the leasing agreement, it should be indemnified by Moss for any judgments or settlements involving Gold Key.
A motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Milesv. Foley, 253 Conn. 381, 385, 752 A.2d 503 (2000). "A summary judgment motion, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to damages." Practice Book § 17-50.
Gold Key argues that there is definitive contract language in the leasing agreement which creates an obligation by Moss to indemnify Gold Key in the plaintiff's action. Gold Key cites to Smith v. MitsubishiMotors Credit of America, Inc., 247 Conn. 342, 721 A.2d 1187 (1998), as controlling precedent in this case. Moss responds that the indemnification clause is procedurally unconscionable and unenforceable and that there are genuine issues of material fact in dispute. Furthermore, Moss argues that Smith is inapplicable in this case.
"The question of unconscionability is a matter of law to be decided by the court based on all the facts and circumstances of the case." (Internal quotation marks omitted.) Cheshire Mortgage Service, Inc. v.CT Page 1735Montes, 223 Conn. 80, 87, 612 A.2d 1130 (1992). Procedural unconscionability is intended to prevent unfair surprise. Smith v.Mitsubishi Motors Credit of America, Inc., supra, 247 Conn. 349.
In Smith, the Connecticut Supreme Court held that "procedural unconscionability cannot be predicated solely on the failure by a commercial party proffering a form contract to an individual party to direct the individual's attention to specific terms of a contractual agreement." Id., 352. The court found, however, that in determining whether a contractual provision is unconscionable, numerous factors should be addressed and evidence offered regarding a lessee's knowledge of leasing agreements.[1] In Smith, the court found the lessee's affidavit failed to address these relevant factors, and therefore failed to meet his evidentiary burden. The present case, however, is distinguishable from Smith as Moss, the lessee, has provided this court with an affidavit that addresses the relevant factors set forth inSmith. Moss states in her affidavit that: she had never leased an automobile nor seen an automobile leasing agreement; did not have the opportunity to read the entire leasing agreement; was not told by anyone at the time of the signing that indemnification language appeared in the contract or what the language meant under the contract; and was not directed by anyone to read the indemnification provision.
Consequently, based on Moss' affidavit, this court finds that there are genuine issues of material fact in dispute as to whether the indemnification clause in the leasing agreement is procedurally unconscionable. See Greenidge v. Volvo Car Finance, Superior Court, judicial district of New London at New London, Docket No. 539447 (March 18, 1999, Hurley, J.T.R.).
"The determination of unconscionability is to be made on a case-by-case basis, taking into account all of the relevant facts and circumstances." (Emphasis added.) Cheshire Mortgage Service, Inc. v. Montes, supra,223 Conn. 89. Accordingly, Gold Key's motion for summary judgment as to liability is denied.
So Ordered.
Dated at Stamford, Connecticut, this 1st day of February, 2001
William B. Lewis, Judge